A. Clifford Edwards
Alexander Christopher Edwards
John W. Edwards
**EDWARDS, FRICKLE & CULVER**
1648 Poly Drive, Suite 206
Billings, MT 59102
Tel:  (406) 256-8155
john.edwards@edwardslawfirm.org
chris@edwardslawfirm.org

Paul D. Odegaard
Andrew J. Miller
**ODEGAARD MILLER LAW, PLLC**
1601 Lewis Avenue, Suite 101
Billings, MT  59102
Tel:  (406) 259-2222
paul@mtlawyers.com
amiller@mtlawyers.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| DON WELCH, | ) |
| Plaintiff, | ) Cause No.  CV-18-78-GF-JTJ |
| vs. | ) |
| SWANK ENTERPRISES, INC.; HONEYWELL INTERNATIONAL, INC., d/b/a NOVAR, and JOHN DOE DEFENDANTS 1-10, Inclusive, | ) **PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | ) |

```
SWANK ENTERPRISES, INC.,            )
                                    )
            Third-Party Plaintiffs, )
                                    )
    vs.                             )
                                    )
HONEYWELL INTERNATIONAL, INC.,      )
d/b/a NOVAR, and JOHN DOES          )
DEFENDANTS 1-10,                    )
                                    )
            Third-Party Defendants. )
_____)
```

COMES NOW Plaintiff, Don Welch, demanding trial by jury, and for his first amended complaint against Defendants, alleges as follows:

## PARTIES

**1.**

Plaintiff, Don Welch, is a resident of Gilbert, Maricopa County, Arizona.

**2.**

Defendant, Swank Enterprises, Inc. (hereinafter "SEI"), is a Montana corporation with its principal place of business in Valier, Pondera County, Montana.

**3.**

Defendant, Honeywell International Inc. d/b/a Novar ("Honeywell/Novar") is a Delaware corporation with its principal place of business in Morris Plains, New Jersey.

**Plaintiff's First Amended Complaint and Demand for Jury Trial - 2**

**4.**

The true names and capacities of the Defendants named herein as John Doe Defendants 1-10, Inclusive, are unknown to Plaintiff, who therefore brings this action against said Defendants by such fictitious names.  Plaintiff will seek leave to amend the Complaint to state the true names and capacities of John Doe Defendants 1-10, Inclusive, when the same have been ascertained, together with further appropriate charging allegations.  Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were caused by said Defendants' acts or omissions.  John Doe Defendants 1-10, Inclusive, are natural persons, corporations, partnerships, joint ventures, or other legal entities who negligently and/or unlawfully caused or contributed to Plaintiff's damages as alleged herein.

## JURISDICTION AND VENUE

**5.**

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because this is a civil action between a resident of the State of Arizona and corporations whose principal place of business is located in the State of Montana and New Jersey, where the matter in controversy exceeds $75,000, exclusive of interest and costs.

**Plaintiff's First Amended Complaint and Demand for Jury Trial - 3**

**6.**

Plaintiff is a citizen of the State of Arizona, Defendant SEI is a business with its principal place of business in the State of Montana; and Defendant Honeywell/Novar is a Delaware corporation with its principal place of business in New Jersey.

**7.**

Plaintiff seeks damages which substantially exceed $75,000.

**8.**

This Court has assumed jurisdiction over the original matter, and jurisdiction for this amended complaint need not be specifically pleaded.  F.R.Civ.P. 8(a)(1).

## GENERAL ALLEGATIONS

**9.**

In the fall of 2017, Homegoods, Inc. (hereinafter "Homegoods"), hired SEI to construct a retail shopping complex located at 2391 U.S. Highway North, Kalispell, Flathead County, Montana (hereinafter "Homegoods' Project").

**10.**

Homegoods is a Massachusetts-based corporation that owns and operates a chain of large retail stores in the United States.  Homegoods is a part of a family of retail stores, such as TJ Maxx, Sierra Trading Post, and Marshalls, among others, believed to be owned by the TJX Companies, Inc.

**11.**

Homegoods hired SEI to act as the general contractor and to construct the Homegoods shopping complex. Homegoods further required installation of a Honeywell/Novar energy management system (hereinafter "Honeywell System") for the Homegoods' Project.

**12.**

Honeywell/Novar, in turn, issued the purchase order for Diamond Plumbing and Heating (hereinafter "Diamond Plumbing") to install the Honeywell System in the retail spaces for the Homegoods' Project.

**13.**

Diamond Plumbing was a subcontractor to SEI on the Homegoods' Project and is a Kalispell, Montana, based corporation.

**14.**

Diamond Plumbing then subcontracted with M&M Electric (hereinafter "M&M"), an Idaho-based corporation that performs specialized commercial, residential, and industrial electrical work, for assistance in the installation of the Honeywell System.

**15.**

At all times relevant herein, Plaintiff was employed by M&M as a journeyman electrician.

**16.**

Defendant Honeywell/Novar was sued by SEI in a third-party action to Plaintiffs original complaint seeking contribution, indemnity (contractual/common law) from Honeywell/Novar.

**17.**

SEI alleges it owed no duty, contractually or otherwise to Welch.  SEI further alleges that Honeywell/Novar assumed responsibility for Welch on the job site, as well as responsibility to "provide all materials, project engineering, project management, installation…." relating to building controls on the Homegoods' Project.

**18.**

Honeywell/Novar admits that its final, written quotation with Diamond Plumbing contained the above quoted language.

**19.**

On the morning of September 11, 2017, Plaintiff arrived at the Homegoods' Project jobsite to begin installation of the Honeywell System.  It was his first day on the job.

**20.**

The installation of the Honeywell System requires the electrician to obtain access to the ceiling within the individual retail units, and the electricians typically

**Plaintiff's First Amended Complaint and Demand for Jury Trial - 6**

use scissor lifts in order to safely and efficiently reach these heights.

**21.**

On information and belief, there were two scissor lifts available at the jobsite for Plaintiff's use on the date at issue. However, SEI project superintendent, Stan DeBlauw, or someone at his previous direction, instructed Plaintiff he could not use the scissor lifts because flooring tile had recently been installed.

**22.**

Instead, Plaintiff used a Baker type scaffold that was owned by another sub-contractor on the Homegoods' Project, Lilenthal Insulation, in order to perform the work required for installation of the Honeywell System within the suspended ceiling of the Homegoods building.

**23.**

Approximately 30 minutes after Plaintiff began performing his job duties using the Baker type scaffold, and while Plaintiff's feet were securely planted on the scaffolding and his body was extended, the subject scaffold became unstable, swayed or moved, causing him to fall from the top level of the scaffold to the ground below.

**24.**

As a result of the above-described incident Plaintiff sustained serious bodily injury and substantial special and general damages in an amount to be proved at trial.

## FIRST CAUSE OF ACTION

### (Negligence of Defendants)

**25.**

Plaintiff realleges paragraphs 1 through 24 above as paragraphs 1 through 24 of this First Cause of Action.

**26.**

Defendants owed a duty to Plaintiff to create and maintain a safe working environment because Defendants retained control, and had ultimate control, over safety conditions at the Homegoods' Project worksite.

**27.**

Defendants breached their duty to create and maintain a safe working environment. Defendants retained control over the safety conditions on the Homegoods' Project by, among other things, directing the sequence of the project completion, by directing who worked when and where, by failing to coordinate safety equipment, by failing to provide Plaintiff the more safe and more common scissor lift(s) that were available on the Homegoods' Project, and directing Plaintiff to not use the scissor lift thereby causing the Plaintiff to use the more dangerous scaffold with no railings.

**28.**

Defendants' breach of their safety duty caused damages to Plaintiff.

**29.**

As a result of Defendants' negligence, Plaintiff suffered serious injuries and damages as herein alleged.

## SECOND CAUSE OF ACTION

**(Negligence – Non-Delegable Duty – Inherently Dangerous Activity)**

**30.**

Plaintiff realleges paragraphs 1 through 29 above as paragraphs 1 through 29 of this Second Cause of Action.

**31.**

Electrical installation work while on scaffolding from elevated heights is an intrinsically and/or inherently dangerous activity.

**32.**

The work to be performed by Plaintiff was inherently dangerous and involved a peculiar risk of harm to him and other workers, unless special precautions were taken.

**33.**

Defendants owed a nondelegable duty of safety to ensure that the work they performed, and other subcontractors performed, on the Homegoods' Project, was conducted in a safe manner for all persons located on the Homegoods' Project.

**Plaintiff's First Amended Complaint and Demand for Jury Trial - 9**

**34.**

Defendants failed to ensure that special precautions were taken to prevent physical harm to Plaintiff.

**35.**

As a direct and proximate result of Defendants' breach of this duty, Plaintiff has suffered injuries and damages as alleged herein.

## THIRD CAUSE OF ACTION

### (Negligence – Non-Delegable Contractual Duty)

**36.**

Plaintiff realleges paragraphs 1 through 35 above as paragraphs 1 through 35 of this Third Cause of Action.

**37.**

Upon information and belief, Defendants retained a contractual duty to ensure the work performed by their sub-contractors, including M&M, was conducted in a safe manner for workers present on the Homegoods' Project jobsite.

**38.**

Defendants breached their duties by failing to provide appropriate safety instruction and coordination; take necessary steps, precautions or measures to

prevent the workplace accident at issue; or account for the manner in which the electrical installation work was conducted.

**39.**

As a direct and proximate result of the Defendants' breach of their duties, Plaintiff has suffered injuries and damages as alleged herein.

## FOURTH CAUSE OF ACTION

**(Violation of Mont. Code Ann. § 50-77-101 )**

**40.**

Plaintiff realleges paragraphs 1 through 39 above as paragraphs 1 through 39 of this Fourth Cause of Action.

**41.**

At the time of subject accident alleged herein, Defendants failed to follow safety practices commonly recognized in the construction industry and Montana law in their failure to provide and coordinate an appropriate scaffold for Plaintiff's use as required under Montana law.

**42.**

Defendants failure to follow these practices, and by Defendants failure to coordinate and provide a safe scaffold make Defendants liable pursuant to the Montana Scaffolding Act, Mont. Code Ann. § 50-77-101.

**43.**

As a result of Defendants' negligence and violations of Mont. Code Ann. § 50-77-101, *et seq.*, Plaintiff suffered injuries and damages as alleged herein

## FIFTH CAUSE OF ACTION

**(Violation of Mont. Code Ann. § 50-71-201 )**

**44.**

Plaintiff realleges paragraphs 1 through 43 above as paragraphs 1 through 43 of this Fifth Cause of Action.

**45.**

At the time of Plaintiff's accident as alleged herein, Defendants failed to provide him with a safe place to work and with reasonably safe tools and equipment by, among other things, failing to provide and coordinate the equipment needed to complete his job safely at the worksite.  Defendants also failed to adopt and use means, practices, methods, operations, and processes that are reasonably adequate to render the place of employment safe, by failing to provide instruction and coordination and by not making the safer scissor lift(s) available for workers like the Plaintiff.

**46.**

Defendants' failure to follow these practices constitutes a violation of Mont. Code Ann. § 50-71-201, *et seq*.

**47.**

As a result of Defendants' violation of Mont. Code Ann. § 50-71-201, *et seq.*, Plaintiff suffered injuries and damages as alleged herein.

## DAMAGES

**48.**

As a result of the Defendants' negligence and unlawful conduct as alleged herein, Plaintiff fell from the top level of the scaffold to the ground below, suffering serious and permanent injuries including, without limitation, severe disfigurement to his left leg.  After his fall, he remained hospitalized for three days and has since undergone extensive medical care, including in-patient hospital care, multiple surgeries, and intensive physical therapy.

**49.**

As a result of the Defendants' negligence and unlawful conduct as alleged herein, Plaintiff will continue to suffer severe physical pain and disability, mental anguish, loss of enjoyment of life, loss of personal services, loss of his established course of life, and has and will continue to incur medical expenses, lost wages, and loss of future earning capacity.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Reasonable compensation for medical expenses incurred to date and which may reasonably be anticipated in the future;

2. Reasonable compensation for lost earnings and loss of earning capacity;

3. Reasonable compensation for past and future lost services;

4. Reasonable compensation for past and future mental and physical pain and suffering;

5. Reasonable compensation for past and future lost course of life;

6. Costs and disbursements incurred herein; and

7. Such further relief as the Court deems appropriate.

DATED this 27th day of February, 2019.

        EDWARDS, FRICKLE & CULVER
        and
        ODEGAARD MILLER LAW, PLLC
         *Attorneys for Plaintiff*


        By /s/ Paul D. Odegaard
          Paul D. Odegaard
          Andrew J. Miller
          1601 Lewis Ave., Suite. 101
          Billings, MT  59101

# CERTIFICATE OF SERVICE

I hereby certify on the 27th day of February, 2019, a copy of the foregoing Plaintiff's First Amended Complaint and Demand for Jury Trial was served on the following persons by the following means:

| | | | |
|---|---|---|---|
| __1-3__ | CM/ECF | _____ | Fax |
| _____ | Hand Delivery | _____ | E-Mail |
| _____ | Mail | _____ | Overnight Delivery Services |

1. Clerk, U.S. District Court

2. Scott M. Stearns
   Randy J. Tanner
   BOONE KARLBERG, P.C.
   P.O. BOX 9199
   Missoula, MT  59807-9199

   *Attorneys for Defendant Swank Enterprises*

3. Leo S. Ward
   BROWNING, KALECZYC, BERRY & HOVEN, P.C.
   800 N. Last Chance Gulch, Suite 101
   P.O. Box 1697
   Helena, MT  59624-1697

   *Attorneys for Third-Party Defendant Honeywell International, Inc.*

By /s/ Paul D. Odegaard